Succession of Dichary.

twenty per cent as damages. The citations were addressed to the dead man. Notice of one of the judgments was served on his executor. Eight years after Fassman's death executions issued, and at a time when the sheriff had in his hands the proceeds of sale of the decedent's real estate, made to satisfy a mortgage of A. W. Cooper.

The assistant attorney-general then took a rule against the sheriff in each of the tax cases to shew cause why he should not pay the two judgments with penalties, etc., and this rule was made absolute, and Cooper appealed.

No. 6158.

SUCCESSION OF J. A. DICHARY. OPPOSITION TO FINAL AC. OF ADM.

A planting partnership having been dissolved by the death of one of the partners in mid-year, the administrator of the deceased was charged with the inventoried value of the growing crops, and was prevented from showing the expenses of cultivation after the decease of his intestate, and the privileged charges; *held*, this was error.

The administrator was not concluded by the inventory. *Non constat* there were any net profits.

APPEAL from the Parish Court of Ascension.   MAHER, J.

*Sims* for Administrator Appellant.    *Duffel & Landry* for Opponent Appellee.

The case being stated : —

EGAN, J.   We are compelled to set aside so much of the judgment of the court below as charges the administrator appellant, personally and otherwise, with the value of the sugar and molasses inventoried. Whether the administrator is chargeable with the fruits of the planting partnership, and to what extent, depends upon the inquiry into which the court *a qua* refused to go.   This was error.   The appellant should have been allowed to offer the evidence, to the rejection of which he took his several bills of exception, and which related to the expenses of the planting partnership and the advances and privileged charges, both against the partnership and the share of the deceased. The administrator was not concluded by the inventory, and should have been permitted to show that property in it never came into his possession.   He is not shown to have been present when it was taken nor to have signed it.   The judgment of the court is therefore avoided and reversed as it charges the administrator personally or otherwise with the value of the sugar and molasses inventoried, and the cause remanded for inquiry as to these and the planting partnership expenses in accordance with the principles of this decree.   In other respects the judgment is affirmed, opponent to pay costs of appeal.